UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV1729 TIA |
| | ) | |
| BRANDON LEE HUBBARD and | ) | |
| HUBS PUB, LLC d/b/a HUB'S PUB, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (Docket No. 11). Plaintiff Joe Hand Promotions, Inc. filed Suggestions in Opposition (Docket No. 13). Defendants filed a Reply (Docket No. 14) thereto. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

On September 25, 2012, Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") filed this action in this Court on the basis of federal question jurisdiction under The Federal Communications Act of 1934, 47 U.S.C. § 553, and The Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 605. In the three-count Complaint, Joe Hand seeking damages and other relief related to the unlawful exhibition of the *Ultimate Fighting Championship 133: Evans v. Oritz Broadcast* event for violation of The Cable and Television Consumer Protection and Competition Act (Count I), the Federal Communications Act (Count II), and conversion under Missouri law (Count III).

**Facts**

Accepting as true all factual allegations in the Complaint and viewing them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court sets forth the following facts[1]:

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand"), a Pennsylvania corporation, is a domestic commercial distributor of sports and entertainment programming including the transmission signal of the fight Program. Joe Hand purchased the exclusive nationwide television distribution rights to the *Ultimate Fighting Championship 133: Evans v. Oritz Broadcast* event, broadcasted nationwide on Saturday, August 6, 2011 ("Broadcast"), as well as the televised replay and color commentary. (Complaint, ECF No. 1 at ¶¶ 4, 14). Joe Hand entered into subsequent sublicensing agreements with various entities throughout North America, including entities within the State of Missouri. by which it granted these entities the right to publicly exhibit the Broadcast for the benefit and entertainment of their patrons. (Id. at ¶ 15). Defendant HUBS PUB, LLC d/b/a HUB's PUB (Hub's Pub) is a business entity organized under the laws of the State of Missouri and doing business at 10 N. Dover Street, Bonne Terre, Missouri 63628. (Id. at ¶¶ 9-10). Defendant Brandon Lee Hubbard ("Defendant Hubbard") is an officer, director, shareholder, and/or principal of Hub's Pub and has supervisory capacity and control over the activities occurring within Hub's Pub on August 6, 2011. (Id. at ¶¶ 6-7). Joe Hand alleges that Defendants Hub's Pub and Hubbard unlawfully exhibited the Broadcast

at Hub's Pub. (Id. at ¶ 17).

---

[1]These well-pleaded facts are taken from Plaintiff's Complaint and are considered as true for the purposes of this Memorandum and Order. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## Standard for Ruling on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). However, if a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" and should be dismissed for failure to state a claim. Id. (internal quotation marks and citation omitted). Determining whether a claim for relief is plausible is a context-specific task requiring the court to draw on its judicial experience and common sense. Id. at 1950.

While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 555 U.S. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556. Plausible claims allow courts to draw "the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp.,

517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft, 129 S. Ct. at 1950 (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

When reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations contained in the Complaint, and review the Complaint to determine whether its allegations show the pleader to be entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the challenged claim. A claim must be dismissed under Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (abrogating the traditional 12(b)(6) "no set of facts' standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Complaint need not provide specific facts in support of the claims contained therein, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), it "must include sufficient factual information to provide the 'grounds' on which the claim rests,

Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. 555-56 & n.3). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. When determining a motion to dismiss under Rule 12(b)(6), "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Against this backdrop, the undersigned determines Plaintiff has plead sufficient facts to raise a right to relief as claimed in the three counts of the Complaint.

## Discussion

Defendant Hubbard argues Joe Hand has failed to state claims against him in Counts I and II because Joe Hand has not pled enough facts to indicate that no distinction exists between his actions and Defendant Hub's Pub's actions. Additionally, both Defendants argue Joe Hand has failed to state claims against them in Count I because Joe Hand failed to allege that the event in question was transmitted interstate. Both Defendants also argue Joe Hand has failed to state claims against them in Counts I and II because Joe Hand failed to allege sufficient detail to give them fair notice of the claims against them. Finally, both Defendants argue Joe Hand has failed to state claims against them in Count III because the common law tort of conversion does not cover intangible property under Missouri law.

The Court finds Joe Hand has pled sufficient facts to show Defendant Hubbard was directly involved in the interception of the Broadcast. See J & J Sports Prods., Inc. v. Scarato, No.

4:07cv2058, 2008 WL 2065195, at * 2 (E.D. Mo. May 14, 2008); J & J Sports Prods., Inc. v. L &

J Group, LLC, No. 09cv3118, 2010 WL 816719, at *2 (D. Md. Mar. 4, 2010). Likewise, the Court

finds that Joe Hand's Complaint contains sufficient factual detail to put Defendants on notice of the

claims against them. Finally, the Court finds Missouri law does not clearly prohibit conversion claims

for intangible property. See Clayton X-Ray Co. v. Professional Sys. Corp., 812 S.W.2d 565, 567

(Mo. Ct. App. 1991) (finding conversion claim existed for "locking up" computer system and

preventing access to the information contained in the system). In the absence of a Missouri case

directly addressing the viability of a conversion claim for the pirating of a broadcast signal, the Court

will not dismiss Joe Hand's conversion claim in Count III.

As in the related case before Judge Hamilton, the Court finds that Joe Hand's failure to plead

that the Broadcast was transmitted interstate is fatal to Count I of the instant Complaint. See 47

U.S.C. § 605(a); Joe Hand Promotions, Inc. v. Sorota, No. 11-80985, 2012 WL 2414035, at *4

(S.D. Fla. June 26, 2012) ("Section 605(a) explicitly states that it governs only interstate

communications and the Complaint fails to allege that the event took place in a different state from

where is was shown."). Therefore, the Court will dismiss Count 1 of Joe Hand's Complaint and

grants Joe Hand until May 30, 2013 to correct this pleading deficiency.[2]

---

[2]Although Defendants are correct that Joe Hand's alternative request for leave to amend is improper inasmuch as Joe Hand does not set forth what additional facts it would allege to buttress its allegations or set forth what other facts it would include in an amended complaint, the Court nonetheless will permit the filing of an amended complaint. Under Rule 15 of the Federal Rules of Civil Procedure, a district court should grant leave to amend freely "when justice so requires," and a motion to amend should only be denied for limited reasons, including plaintiff's undue delay or bad faith in bringing the motion, unfair prejudice to defendant, or futility of the amendment. Foman v. Davis 371 U.S. 178, 182 (1962); Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the discretion of the district court. Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008)

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Docket No. 11) is GRANTED as directed to Count **I.** Joe Hand is granted until **June 7, 2013** to file an amended complaint in accordance with this Memorandum and Order.


                                        /s/ Terry I. Adelman
                                   UNITED STATES MAGISTRATE JUDGE


Dated this  28th  day of May, 2013.